IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ERIC AICHER,

    Plaintiff,

v.                                                                     No. 1:23-cv-00387-KWR-JHR

ARDITH ALLCORN,
MARY JAMES,

    Defendants.

**ORDER DIRECTING AMENDMENT AND ADDRESSING PENDING MOTIONS**

**THIS MATTER** was commenced by Plaintiff Eric Aicher in the First Judicial District Court, Santa Fe, New Mexico. (See Doc. 1 at 1; Doc. 1-1 at 1). Defendants Ardith Allcorn and Mary James removed the matter to this Court on May 5, 2023, on the ground that Plaintiff asserted claims for violations of his federal constitutional rights under 42 U.S.C. § 1983. (Doc. 1-3). Attached to the Notice of Removal, was Plaintiff's *Amended Complaint to Add Mary James, RN, as a Defendant in the Above Entitled Complaint for Libel, False Representation, False Statement, Falsification of a New Mexico State Document, Negligence, Discrimination* (Doc. 1-1) (the "Amended Complaint"), and Plaintiff's *Amended Prayer of Relief for Defendant Mary James* (Doc. 1-2) (the "Amended Prayer for Relief"). Defendants' Notice of Removal referenced, but did not attach, Plaintiff's original Tort Complaint that apparently preceded the filing of the Amended Complaint and Amended Prayer for Relief, but which was not served on them.[1] (Doc. 1 at 1, ¶ 3).

---

[1] The Original Complaint appears to have been filed in June 2022; Defendants removed the case to this Court within thirty days of service of the Amended Complaint. *See* 28 U.S.C. § 1446(b).

On May 18, 2023, Plaintiff filed (1) a *Motion to Dismiss Count Six of the Amended Prayer of Relief Against Mary James* (Doc. 5); (2) a *Motion to Dismiss Violation of the Plaintiff's First Amendment Right Against Defendant Ardith Allcorn H.S.A.* (Doc. 6); and a motion titled Removal of Civil Action, seeking to remand this matter to state Court (Doc. 7). On June 7, 2023, Plaintiff filed a motion/notice apparently seeking to dismiss the Amended Complaint and Amended Prayer for Relief. (See Doc. 19 "*Dismissal of Amended Complaint and Amended Prayer of Relief Against Defendant Mary James R.N. With Prejudice*"). On the same day, Plaintiff filed a *Motion for Summary Judgment* (Doc. 21), apparently seeking a judgment in his favor relating to his original tort complaint, filed in the state district court, but perhaps also seeking judgment in his favor on other claims as well.

In the interim, the parties also filed the following motions:

- On May 31, 2023, Defendants filed a *Motion to Screen Amended Complaint and Stay Discovery* (Doc. 13);

- On June 7, 2023, Plaintiff filed a *Motion to Screen Plaintiff's 1983 Tort Against Defendant Ardith Allcorn and Allow Discovery Now* (Doc. 20);

- On January 8, 2024, Plaintiff filed a *Motion to Compel* (Doc. 26); and

- On January 31, 2024, Plaintiff filed a *Motion to Screen Entire Complaint* (Doc. 28), in which Plaintiff apparently sought judicial review of the original tort complaint filed in the state court as well as the Amended Complaint, which was the subject of the June 7, 2023 motion/notice of dismissal.

Plaintiff's Amended Complaint, Amended Prayer for Relief, and each of the motions (Docs. 5-7, 13, 19-21, 26, and 28) are now before the Court.

    1. The Court's *Sua Sponte* Screening Function.

Plaintiff is incarcerated and proceeding *pro se*. As such, his civil complaint is subject to *sua sponte* screening pursuant to 28 U.S.C. § 1915A, which provides that the Court "shall review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Pursuant to the screening requirement, the Court must: "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint . . . [i]s frivolous, malicious or fails to state a claim upon which relief can be granted; or . . . [s]eeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). Because the Court's *sua sponte* screening function is mandated by statute, motions requesting that the Court perform its screening function are unnecessary. Every civil complaint filed by a prisoner against a governmental entity or employee will be screened as a matter of course.

Additionally, by operation of Local Rule 16.3(d), prisoner civil rights complaints are excluded from pretrial case management procedures. *See* D.N.M.LR-Civ. 16.3(d). Therefore, pending screening, discovery-related motions are premature.

For the foregoing reasons, Defendants' *Motion to Screen Amended Complaint and Stay Discovery* (Doc. 13) shall be granted to the extent that discovery shall be stayed pending screening; Plaintiff's *Motion to Screen Plaintiff's 1983 Tort Against Defendant Ardith Allcorn and Allow Discovery Now* (Doc. 20) shall be denied as premature to the extent that it requests discovery pending screening; and Plaintiff's *Motion to Compel* (Doc. 26) shall be denied to the extent it seeks discovery pending screening. The foregoing motions along with Plaintiff's *Motion to Screen Entire Complaint* (Doc. 28) shall be granted to the extent they request that the Court shall perform its screening function pursuant to § 1915A as a matter of course if, as discussed next, Plaintiff files an amended complaint.

2. <u>Plaintiff Shall be Directed to File a Single Amended Complaint.</u>

At this stage of the proceedings, the Court is unable to perform its screening function because Plaintiff's claims are not clearly stated. The Court has before it Plaintiff's Amended Complaint, Amended Prayer for Relief, two partial motions to dismiss addressed to discrete claims, a motion/notice purporting to dismiss the Amended Complaint and the Amended Prayer for Relief, a premature motion seeking summary judgment, and a motion seeking screening of the "entire" complaint that appears to reference not only the pleadings filed in this Court, which Plaintiff previously sought to dismiss, but also the original tort complaint filed only in the state court. The Court will not attempt to sort through these various pleadings to attempt to piece together the pending claims or to construct Plaintiff's claims and theories. *See McNamara v. Brauchler*, 570 F. App'x 741, 743 (10th Cir. 2014) ("It is not the role of . . . the court . . . to sort through a lengthy, poorly drafted complaint and voluminous exhibits in order to construct [plaintiff's] causes of action."). Instead, the Court will strike the Amended Complaint and Amended Prayer for Relief and require Plaintiff to clarify his claims by filing a single amended complaint on a form that will be provided to him by the Court. The amended complaint must comply with Rule 8(a) of the Federal Rules of Civil Procedure, meaning that it must provide a short and plain statement showing his entitlement to relief and specifying the relief he seeks.

To the extent Plaintiff intends to seek relief from any defendant for an alleged violation of his federally guaranteed civil rights under 42 U.S.C. § 1983, he should endeavor to plead specific facts showing (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *McLaughlin v. Bd. of Trustees of State Colls. of Colo.*, 215 F.3d 1168, 1172 (10th Cir. 2000). To state a viable claim, the complaint must clearly identify

4

"exactly who is alleged to have done what to whom" so that each defendant has notice of the basis of the claims against them, particularly. *Robbins v. Okla.*, 519 F.3d 1242, 1250 (10th Cir. 2008).

As the Amended Complaint and Amended Prayer for Relief are stricken, the Court will terminate Plaintiff's *Motion to Dismiss Count Six of the Amended Prayer of Relief Against Mary James* (Doc. 5); (2) *Motion to Dismiss Violation of the Plaintiff's First Amendment Right Against Defendant Ardith Allcorn H.S.A.* (Doc. 6); and the motion/notice apparently seeking to dismiss the Amended Complaint and Amended Prayer for Relief (Doc. 19) as these motions are rendered moot by the Court's order striking the pending pleadings and directing Plaintiff to file a single amended complaint.  In the amended complaint, Plaintiff should include the claims he intends to prosecute, and omit any claims he wishes to forgo. The Court will also deny Plaintiff's Motion for Summary Judgment (Doc. 21) as moot, without prejudice to Plaintiff's prerogative to seek summary judgment, if appropriate, at a later stage of this case.

Plaintiff's motion seeking to remand this matter to state court (Doc. 7) shall held in abeyance pending Plaintiff's deadline to file an amended complaint. If Plaintiff does not want to litigate in federal court, he may omit federal claims in his amended complaint and assert claims governed exclusively by state law. *Qwest Corp. v. City of Santa Fe, New Mexico*, 380 F.3d 1258, 1264 (10th Cir. 2004) ("The well-pleaded complaint rule makes the Plaintiff the master of the claim. By omitting federal claims from a complaint, a plaintiff can guarantee an action will be heard in state court." (internal quotation marks and citation omitted)). If Plaintiff intends to intends to obtain relief on federal claims, those claims are within this Court's jurisdiction and the Court will not remand them to state court.

**IT IS THEREFORE HEREBY ORDERED** that:

**(1)**    Plaintiff's *Amended Complaint to Add Mary James, RN, as a Defendant in the*

*Above Entitled Complaint for Libel, False Representation, False Statement, Falsification of a New Mexico State Document, Negligence, Discrimination* **(Doc. 1-1)**, Plaintiff's *Amended Prayer of Relief for Defendant Mary James* **(Doc. 1-2)** are **STRICKEN**.

**(2)** Within thirty days of the entry of this Order, Plaintiff may file an amended complaint consistent with the standards discussed herein on a form provided by the Court. Failure to timely amend may result in dismissal of this action without further notice.

**(3)** Plaintiff's *Motion to Dismiss Count Six of the Amended Prayer of Relief Against Mary James* **(Doc. 5);** Plaintiff's *Motion to Dismiss Violation of the Plaintiff's First Amendment Right Against Defendant Ardith Allcorn H.S.A.* **(Doc. 6)**; and Plaintiff's *Dismissal of Amended Complaint and Amended Prayer of Relief Against Defendant Mary James R.N. With Prejudice* **(Doc. 19)** shall be **TERMINATED**.

**(4)** Plaintiff's *Removal of Civil Action*, seeking to remand this matter to state Court **(Doc. 7)** is held in abeyance pending Plaintiff's thirty-deadline to file an amended complaint.

**(5)** Plaintiff's *Motion for Summary Judgment* **(Doc. 21)** is **DENIED** as moot, without prejudice to Plaintiff's prerogative to seek summary judgment, as appropriate at a later stage of the case.

**(6)** Defendants' *Motion to Screen Amended Complaint and Stay Discovery* **(Doc. 13)** is **GRANTED** the extent that (1) discovery shall be stayed pending screening and (2) the Court shall perform its screening function pursuant to § 1915A if Plaintiff files an amended complaint as directed.

**(7)** Plaintiff's *Motion to Screen Plaintiff's 1983 Tort Against Defendant Ardith Allcorn and Allow Discovery Now* **(Doc. 20)** is **GRANTED** to the extent that the Court shall perform its screening function pursuant to § 1915A if Plaintiff files an amended complaint as

directed, and **DENIED** as premature to the extent that it requests discovery pending screening.

**(8)** Plaintiff's *Motion to Compel* **(Doc. 26)** is **DENIED** as premature.

**(9)** Plaintiff's *Motion to Screen Entire Complaint* **(Doc. 28) is GRANTED** to the limited extent that the Court shall perform its screening function pursuant to § 1915A if Plaintiff files an amended complaint as directed.

**(10)** The Clerk's office is directed to mail a blank § 1983 prisoner civil rights complaint to Plaintiff together with a copy of this Order.

_____
HON. JERRY H. RITTER
UNITED STATES MAGISTRATE JUDGE